UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VOLTAGE PICTURES, LLC,

                Plaintiff,

-vs-                                                  Case No. 2:11-cv-68-FtM-29SPC

JOSEPH F. CYGANIAK,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Request for Entry of Default Against Defendant (Doc. #10) filed on March 17, 2011. The Plaintiff moves for default judgment and states that service was effectuated on February 21, 2011, on a co-resident at Defendant's home address. The Plaintiff filed the Return of Service (Doc. # 7) on March 16, 2011. The Return of Service shows that Bernadette Madine, a co-resident was served by substitute service at 720 Calvin Ave., Lehigh Acres, FL 33972 on February 21, 2011.

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein

who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076, *1 (M.D. Fla. Aug. 7, 2007).

In this case, the Summons and Complaint was served by substitute service at Defendant's abode on February 21, 2011. This was proper. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendant. Therefore, the entry of clerk's default is appropriate at this time.[1]

Accordingly, it is now

**ORDERED:**

Plaintiff's Request for Entry of Default Against Defendant (Doc. #10) is **GRANTED**. The Clerk is directed to enter clerk's default against Defendant Joseph F. Cyganiak.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th    day of March, 2011.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] Plaintiff's Motion requests that default judgment be entered. The Court construes the Motion as one for clerk's default as an entry of clerk's default is required prior to a final entry of default by the District Court. Plaintiff must move for final default judgment.